IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JEFFREY SCOTT BARBOUR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:06CV00168 |
| ) | |
| THEODIS BECK, Sec., ) | |
| North Carolina Dep't of Correction ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Jeffrey Scott Barbour ("Petitioner"), a prisoner of the State of North Carolina, seeks relief pursuant to 28 U.S.C. § 2254. On May 30, 2001, in the Superior Court of Richmond County, Petitioner was convicted after trial by jury of felonious larceny of a motor vehicle and pled guilty to being a habitual felon. He was sentenced to a term of 168 to 211 months imprisonment. The North Carolina Court of Appeals affirmed Petitioner's conviction on October 15, 2002. *State v. Barbour*, 153 N.C. App. 500, 570 S.E.2d 126 (2002).

Petitioner filed a *pro se* petition for a writ of habeas corpus in the Superior Court of Richmond County on May 31, 2003, which was denied on June 25, 2003. Petitioner next filed a *pro se* application for a writ of habeas corpus in the North Carolina Supreme Court on August 4, 2003, which was denied on August 11, 2003. Petitioner filed his first *pro se* petition for a writ of habeas corpus in this court on

November 21, 2003, which was dismissed without prejudice on March 15, 2005, for non-exhaustion. Petitioner then filed a *pro se* motion for appropriate relief ("MAR") in the Superior Court of Richmond County on October 12, 2005, which was denied on October 24, 2005.

Petitioner dated his current *pro se* federal habeas petition on February 8, 2006, and it was filed by this court on February 21, 2006. Respondent has filed a motion to dismiss on statute of limitations grounds (docket no. 3) and Petitioner has responded in opposition. The motion is ready for a ruling.

**STATEMENT OF FACTS**

The facts of the case, as set out by the North Carolina Court of Appeals in its opinion denying Petitioner's direct appeal, are as follows:

> The State's evidence tends to show that on 27 September 2000 defendant went to C & W Auto Sales in Rockingham, North Carolina. He asked Robert Coble, one of the dealership's owners, if he could test drive a 1992 Isuzu Pup truck which was for sale. Defendant told Coble he was the nephew of Wilson and Alice Thomas, who were acquaintances of Coble. Coble, who thought highly of the Thomases, allowed defendant to test drive the truck without supervision. Defendant, however, was only given permission to "drive [the truck] down the street."
>
> Approximately an hour later, he telephoned Coble. Defendant claimed he was at the bank inquiring about a loan to purchase the truck. Coble told defendant it would be too late to close the deal that day since both C & W Auto Sales and the Division of Motor Vehicles office closed at 5:00 p.m. Coble also told defendant to return the truck to C & W Auto Sales by 5:00 p.m.
>
> When defendant failed to return the truck by 5:00 p.m., Coble contacted Alice Thomas. After Coble's conversation with Thomas, Coble's

> business partner called the police and reported the truck stolen. Two days later, Coble went to the police station and identified defendant in a photographic lineup as the one who had taken the Isuzu Pup truck.
>
> On 1 October 2000, Deputy Creed Freeman of the Richmond County Sheriff's Department spotted defendant driving the truck. Freeman, knowing the truck was stolen, pursued defendant. By the time Freeman caught up to the truck, it was pulled over and defendant was missing. The only person in the truck was a female who was lying in the seat. Defendant was not found that night but was subsequently arrested on 19 October 2000.

*Barbour*, 153 N.C. App. at 501, 570 S.E.2d at 127.

**PETITIONER'S CLAIMS**

Petitioner raises four claims for relief in his habeas petition. Petitioner contends 1) that he was denied the effective assistance of trial and appellate counsel; 2) that the trial court improperly instructed the jury on "larceny by trick"; 3) that the his larceny indictment was unlawful and that there was insufficient evidence to support the charge; and 4) that he was denied the opportunity to both introduce witnesses in his favor and testify on his own behalf.

**DISCUSSION**

Respondent presents the threshold defense that Petitioner's habeas petition is barred by the one-year statute of limitations applicable to federal habeas actions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d). The AEDPA amendments apply to all Section 2254 petitions filed after its effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 327 (1997). The limitation period starts running from the date when the judgment of conviction

became final at the end of direct review. *Harris v. Hutchinson*, 209 F.3d 325, 327-28 (4th Cir. 2000). Finality has been construed to mean when the petitioner may no longer seek further review because of 1) the denial of a petition for certiorari to the United States Supreme Court, or 2) the expiration of the time to file such a petition. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002).

The one-year limitation period is tolled, however, while state post-conviction proceedings are pending. *Harris*, 209 F.3d at 327-28; 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). The suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999). Tolling does not include the time to file a certiorari petition to the United States Supreme Court from denial of state post-conviction relief. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999); *Saguilar v. Harkleroad*, 348 F. Supp. 2d 595, 597 (M.D.N.C. 2004).

The Fourth Circuit has held that the one-year limitation period is also subject to equitable tolling. *Harris*, 209 F.3d at 328; *see also Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (listing other courts that have found the one-year limitation period to be subject to equitable tolling). Equitable tolling may apply if 1) a petitioner has been unable to assert a claim because of wrongful conduct by the

4

state or its officers, or 2) there are extraordinary circumstances, such as events beyond a petitioner's control and unavoidable even with due diligence. *Harris*, 209 F.3d at 330; *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000). Circumstances are beyond a petitioner's control if he has been prevented in some extraordinary way from exercising his rights, *see Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir. 2000); and this might occur where a petitioner is actively misled or otherwise prevented in some extraordinary way from exercising his rights, *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). Finally, a petitioner must show diligence throughout the entire post-conviction process in order to benefit from equitable tolling, not merely at the federal level. *Id.* at 403.

In the present case, the North Carolina Court of Appeals issued its opinion on October 15, 2002, and its mandate followed on November 4, 2002. *See* N.C. R. APP. P. 32(b) (providing that, unless the court orders otherwise, a mandate issues twenty days after the decision). Petitioner failed to file a notice of appeal or a petition for discretionary review with the North Carolina Supreme Court; therefore, his conviction became final on direct review on November 19, 2002. *See* N.C. R. APP. P. 14(a), 15(b) (stating that notice of appeal and/or a petition for discretionary review must be filed within fifteen days after the issuance of a mandate).

Petitioner did not file anything that served to toll the statute of limitations until his first state habeas petition on May 31, 2003, 193 days after the commencement of the limitations period. At that point, Petitioner had 172 days remaining on his one-

5

year period.  The tolling ended, and the statute of limitations again began to run, when the Superior Court of Richmond County denied habeas relief on June 25, 2003.  The limitations period then ran for an additional 40 days until Petitioner sought habeas relief in the North Carolina Supreme Court on August 4, 2003. Tolling ended on August 11, 2003, when state habeas relief was again denied. Petitioner then had 132 days (i.e., until December 22, 2003) to file his federal habeas petition.

Petitioner did not file his current federal habeas petition until February 8, 2006, over two years after the statute of limitations expired.  Petitioner's October 12, 2005, MAR did not serve to further toll the statute of limitations because it too was filed after the one-year period had expired.  In addition, the premature federal habeas filing that was pending in this court between November 21, 2003, and March 15, 2005, did not serve to toll the statute of limitations.  "[A]n application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2).  Section 2244(d)(2) therefore did not toll the limitation period during the pendency of respondent's first federal habeas petition." *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Furthermore, the current federal habeas petition does not relate back to the original November 21, 2003, filing date. *See Marsh v. Soares*, 223 F.3d 1217, 1219-20 (10th Cir. 2000).  "[A] § 2254 petition cannot relate back to a previously filed

6

petition that has been dismissed without prejudice because there is nothing for the current petition to relate back to." *Id.*

> [I]f § 2244(d) were interpreted [to relate back to a preceding federal habeas filing], the result would be impractical. A habeas petitioner could file a non-exhausted application in federal court within the limitations period and suffer a dismissal without prejudice. He could then wait decades to exhaust his state court remedies and could also wait decades after exhausting his state remedies before returning to federal court to "continue" his federal remedy, without running afoul of the statute of limitations. Construing an application filed after a previous application is dismissed without prejudice as a continuation of the first application for all purposes would eviscerate the AEDPA limitations period and thwart one of AEDPA's principal purposes.

*Graham v. Johnson*, 168 F.3d 762, 780 (5th Cir. 1999) (citations omitted).

Petitioner makes an impassioned argument of injustice and numerous unfounded allegations of apathy and/or corruption by the state officials involved in this case. Nevertheless, the State did not wrongfully prevent Petitioner in any way from asserting his claims and his failure to timely assert claims to this court was not due to circumstances external to his own conduct. Unfamiliarity with federal habeas procedures does not constitute grounds for equitable tolling. Petitioner's federal habeas action is, therefore, time-barred under § 2244(d) and should be dismissed as such.

**CONCLUSION**

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss on statute of limitation grounds (docket no. 3) be **GRANTED** and that this action be dismissed with prejudice.

_____
Wallace W. Dixon
United States Magistrate Judge

July 5, 2006